UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JESENIA DIAZ; FELIX ABREU,

        Plaintiffs,

  -against-

JEFF SESSIONS, ATTORNEY GENERAL OF
THE UNITED STATES; JOHN KELLY,
SECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY; UNITED STATES
CITIZENSHIP AN DIMMIGRATION SERVICES;
PHYLLIS COVEN, USCIS NEW YORK DISRICT
DIRECTOR; LEON RODRIGUEZ, USCIS
DIRECTOR; RON ROSENBERG; CHIEF,
ADMINISTRATIVE APPEALS OFFICE,

        Defendants.

------------------------------------X

17 Civ. 4448

OPINION

2/27/19

APPEARANCES:

    Attorney for Plaintiffs

    LAW OFFICE OF SHAHLA KHAN PLLC
    1375 Broadway, 3rd Floor
    New York, NY 10018
    By: Shahla Khan, Esq.

    Attorneys for Defendants

    GEOFFREY S. BERMAN
    U.S. Attorney for the S.D.N.Y.
    Attorney for United States of America
    86 Chambers Street, Third Floor
    New York, NY 10007
    By: Kirti Vaidya Reddy, Esq.

**Sweet, D.J.**

Defendants Jeff Sessions, Attorney General of the United States; John Kelly, Secretary of the Department of Homeland Security; United States Citizenship and Immigration Services ("USCIS"), Phyllis Coven, USCIS New York District Director; Leon Rodriguez, USCIS Director; and Ron Rosenberg, Chief Administrative Appeals Office (collectively, "USCIS"), have moved pu8rsuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss as moot the complaint of plaintiffs Jesenia Diaz ("Diaz") and Felix Abreu ("Abreu") (collectively "Plaintiffs") challenging the USCIS determination of marriage fraud. Based on the conclusions set forth below, the USCIS's motion is granted, and the complaint dismissed.

**Prior Proceedings**

On January 28, 2014, Diaz filed a visa petition on behalf of her spouse, Abreu, seeking to classify him as the spouse of a United States citizen. On September 3, 3014, USCIS denied the visa petition, stating that in 1989, Abreu had engaged in a marriage for the purpose of evading the immigration laws, and pursuant to 8 U.S.C. § 1154(c), USCIS was barred from

1

granting him a subsequent visa petition. On the same date, USCIS also denied Abreu's application for adjustment of status to a lawful permanent resident because he did not have an approved visa petition.

On or about October 3, 2015, Diaz appealed USCIS's decision denying her visa petition to the Board of Immigration Appeals ("BIA"). On February 24, 2017, the BIA dismissed Diaz's appeals, upholding USCIS's determination that Abreu was barred from relief because he had previously engaged in marriage fraud.

On June 13, 2017, Plaintiffs filed the instant action pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 704 et seq., challenging the February 24, 2017, decision of the BIA.

On May 3, 2018, USCIS filed with the Board of Immigration Appeals a sua sponte motion to reopen and to remand the proceedings to USCIS. Declaration of Kirti Vaidya Reddy, dated June 1, 2018 ("Reddy Decl.") at Ex. A. Plaintiff Diaz did not file an opposition to that request. Reddy Decl., Ex. B. Accordingly, on May 24, 2018, the BIA remanded the visa petition proceedings to USCIS "for further consideration and for the creation of a complete and accurate record." Id.

The instant motion was heard and marked fully submitted on July 18, 2018.

**The Applicable Standard for Dismissal**

"'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [Court] lacks the statutory or constitutional power to adjudicate it.'" *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); see *Empire Trust Co. v. United States*, 324 F.2d 507 (2d Cir. 1963) (per curiam); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").Plaintiffs carry the burden of establishing that subject-matter jurisdiction exists over their complaint. See *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996); *Makarova*, 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). On a motion to dismiss for lack of subject-matter jurisdiction, a court assumes as true the factual allegations set forth in the complaint. See *Shipping Financial Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). The Court, however, may refer to evidence extrinsic to the pleadings. See Makarova, 201 F.3d at

113; *Kamen v. Am. Tel. & Telegraph Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Consideration of extrinsic evidence does not convert the motion to one for summary judgment pursuant to Rule 56. See *United States v. Vazquez*, 145 F.3d 74, 80 (2d Cir. 1998).

"The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983); see *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (case is moot if "the parties lack a legally cognizable interest in the outcome") (internal quotation marks omitted). "The inability of the federal judiciary 'to review moot cases derives from the requirement of Art[icle] III of the Constitution[,] under which the exercise of judicial power depends upon the existence of a case or controversy.'" *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam) (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)). "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999)). Because the Constitution's "case or controversy requirement subsists through all stages of federal judicial proceedings,

trial and appellate," Van Wie v. Pataki, 267 F.3d 109, 113 (2d Cir. 2001) (citations omitted), once a case becomes moot, a federal court is deprived of subject-matter jurisdiction over the action, see Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994), and the court "'must dismiss the case,'" United States v. Blackburn, 461 F.3d at 261 (quoting United States v. Quattrone, 402 F.3d 304, 308 (2d Cir. 2005)). See also Spencer v. Kemna, 523 U.S. 1, 18 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so"); Blackburn, 261 F.3d at 265 ("The importance of the issue, however, and the temptation to decide it can have no bearing on our assessment of its justiciability. Were we to reach the substantive issue today, we would overstep the bounds of the authority granted us by the federal Constitution.") (citation omitted).

**The Complaint is Dismissed**

Jurisdiction to adjudicate this matter is lacking for two reasons. First, the Court lacks jurisdiction because there is no final agency decision. "The APA explicitly requires that an agency action be final before a claim is ripe for review." Air Espana v. Brien, 165 F.3d 148, 152 (2d Cir. 1999). The

purpose of the finality requirement is "to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete why by challenging parties." Id. (quoting Abbott *Labs v. Garner*, 387 U.S. 136, 148-49 (1967)). Here, because the agency reopened the administrative proceeding for further adjudication, the denial of Diaz's visa petition is no longer final, and Diaz's APA claim is no longer cognizable. USCIS is now in the process of adjudicating the visa petition, and therefore, this Court cannot provide relief that can provide to Plaintiff.

Second, the matter before this Court is moot. Since the filing of the complaint, the BIA reopened the matter and remanded it to USCIS for further processing and a new decision. As such, the issues presented in this complaint are no longer "live." See *Powell v. McCormack*, 395 U.S. 486, 496-97 (1969) ("Stated simply, a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); see also *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (same); see also *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999) (mootness may be raised at any stage of the litigation). Accordingly, the matter is moot as this Court can no longer provide the relief requested until the administrative process, which may grant plaintiffs the relief they are seeking

6

here, is completed. See *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); *Bragger v. Trinity Capital Enter. Corp.*, 30 F.3d 14, 16 (2d Cir.1994) (same); see generally *Gutierrez v. Laird*, No. 05-CV-5135, 2008 WL 3413897, at *1 (E.D.N.Y. Aug.8, 2008) (dismissing § 2241 petition seeking credit for time served as moot where petitioner was released while petition was pending and "presented no evidence of a continuing or concrete injury after his release"). Moreover, once a case becomes moot, the Court lacks jurisdiction over the action, and it cannot direct an agency to take specific action. See *Fox v. Board of Trustees of the State Univ. of NY*, 42 F.3d 135, 140 (2d Cir. 1994) (a federal court is deprived of subject-matter jurisdiction over the action once a case becomes moot).

## Conclusion

Based upon the conclusions set forth above, the USCIS's motion to dismiss the complaint is granted.

It is so ordered.

**New York, NY**

**February 26, 2019**

_____
ROBERT W. SWEET
U.S.D.J.